## Commonwealth v. Petra

*Walter R. Wells*, district attorney, for Commonwealth.
*Jos. A. Nevins*, for defendant.

LEWIS, P. J., January 12, 1937. — Defendant was charged with the unlawful killing of a female deer, contrary to section 705 of the Act of May 24, 1923, P. L. 359, 34 PS §705. After a hearing, the justice of the peace discharged him. An appeal was allowed on the application of the Commonwealth as provided for by section 1109 of the act.

It is urged on behalf of defendant that he may not be tried a second time for the same offense: placed twice in jeopardy; and that the hearing de novo in this court

amounts to a second trial. The Constitution of Pennsylvania, article V, sec. 14, provides: "In all cases of summary conviction . . . either party may appeal to such court of record as may be prescribed by law, upon allowance . . . upon cause shown." Comment is unnecessary.

The evidence disclosed that a doe, illegally killed in Pleasant Valley Township, this county, was reported to two deputy game protectors on December 10, 1936. They got upon the scene before the carcass was cold and while the record left in the snow was still unconfused. They found the tracks of defendant's companion leading to the place where he and defendant had been seen to meet by another witness. Taking defendant's back-track from that meeting place, they soon came upon the place where the man who made those tracks stood to shoot the doe. There they found three fired .300 Savage cases, and some 60 feet away the dead doe with three bullet wounds through it. They also found marks on a tree in line beyond where the bullets had struck after passing through the doe.

All three of the fired cases produced in evidence are plainly "signatured" as having been fired in one gun. Defendant was armed that day with a .300 Savage rifle. He did not produce it at the trial for comparison, but testified that it had since been stolen from him. Had the rifle been produced, it could have been demonstrated to a scientific certainty whether or not it fired the cases that were produced. However, the marks in the snow, as described by the deputy game protectors, considered with the testimony of other witnesses for the Commonwealth, we believe point as certainly to defendant's guilt.

Defendant tells an improbable story. According to his testimony, which places him far away when the doe must have been shot, he covered much more territory than he could possibly have traveled over in the time that elapsed; much more than is indicated by the testimony of his own witness.

238

*Decree*

And now, January 12, 1937, defendant, Charles Petra, is adjudged guilty of the offense charged and is sentenced to pay the cost of prosecution and a fine of $100, in default of such payment to be committed to the Potter County jail for 100 days.

From James S. Berger, Coudersport.